IN THE IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------x
SDC INFORMATION SERVICES, INC.,   :
                                  :
            Plaintiff,            :
                                  :
      v.                          :
                                  :   CIVIL ACTION
INTELLIGROUP, INC.,               :   NO. 3:11-CV-5874 (JAP) (DEA)
                                  :
            Defendant.            :
                                  :
---------------------------------------------------x

---

**MEMORANDUM OF LAW OF DEFENDANT INTELLIGROUP, INC. IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

---

KLEHR HARRISON HARVEY
BRANZBURG LLP
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220
Phone: (856) 486-7900
Fax: (856) 486-4875
gweiner@klehr.com
bfitzgerald@klehr.com

*Attorneys for Defendant*
*Intelligroup, Inc.*

Glenn A. Weiner, Esq.                    Motion Day: February 21, 2012
Brian R. Fitzgerald, Esq.

PHIL1 1865176-2

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL POSTURE .....................................................2

STANDARD OF REVIEW .....................................................................................................4

ARGUMENT ........................................................................................................................5

    I. SDC May Not Maintain a Claim for Unjust Enrichment Because Express
       Contracts Exist That Govern the Rights of the Parties. ................................................5

    II. SDC's Negligence Claim Fails Under the Economic Loss Doctrine Because
        Intelligroup Owed SDC No Legal Duty Independent of Those Undertaken in
        the Parties' Contracts. ...................................................................................................6

CONCLUSION .....................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ..................................................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 4, 5

*Chatlos Sys., Inc. v. Nat'l Cash Register Corp.*,
  479 F. Supp. 738 (D.N.J. 1979) .............................................................................. 8

*Dutton Rd. Assocs. LP v. Sunray Solar, Inc.*,
  2011 WL 1375681 (D.N.J. Apr. 12, 2011) (citing *Saltiel*) .................................... 8

*Hassler v. Sovereign Bank*,
  644 F. Supp. 2d 509 (D.N.J. 2009) ..................................................................... 5, 6

*Perkins v. Wash. Mut., FSB*,
  655 F. Supp. 2d 463 (D.N.J. 2009) ..................................................................... 6, 7

*Saltiel v. GSI Consultants, Inc.*,
  788 A.2d 268 (N.J. 2002) ........................................................................... 6, 7, 8, 9

*Santiago v. Warminster Twp.*,
  629 F.3d 121 (3d Cir. 2010) .................................................................................... 5

*Skypala v. Mortgage Elec. Registration Sys., Inc.*,
  655 F. Supp. 2d 451 (D.N.J. 2009) .......................................................................... 7

*Spencer Bank v. Seidman*,
  528 F. Supp. 2d 494 (D.N.J. 2008) .......................................................................... 5

*Suburban Transfer Serv. v. Beech Holdings, Inc.*,
  716 F.2d 220 (3d Cir. 1983) ................................................................................. 5, 6

*VRG Corp. v. GKN Realty Corp.*,
  641 A.2d 519 (N.J. 1994) ......................................................................................... 6

**COURT RULES**

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1, 2, 4

## INTRODUCTION

In this case, plaintiff SDC Information Services, Inc. ("SDC") seeks to avoid paying defendant Intelligroup, Inc. ("Intelligroup") the approximately $1.7 million still outstanding for services Intelligroup provided to SDC. The parties' relationship is governed by valid written contracts. But SDC, in a thinly-veiled attempt to circumvent the contractual limitations on liability to which it agreed, asserts claims not only under the parties' contracts, but also for unjust enrichment (Count III) and negligence (Count IV). These claims fail as a matter of law.

Specifically, SDC's claim for unjust enrichment fails because express contracts exist between SDC and Intelligroup that govern the rights of the parties, and SDC does not allege that Intelligroup has been enriched beyond what SDC agreed to pay under the contracts. SDC's negligence claim also fails because, under New Jersey's economic loss doctrine, SDC cannot recover in tort for Intelligroup's alleged breach of contract where Intelligroup owes SDC no legal duty beyond that which is imposed by contract. Accordingly, this Court should dismiss SDC's unjust enrichment and negligence claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

# STATEMENT OF FACTS AND PROCEDURAL POSTURE[1]

In March 2010, SDC and Intelligroup entered into a Master Services Agreement ("Agreement"),[2] pursuant to which Intelligroup agreed to provide consultants to implement SAP software purchased by SDC. (Compl. ¶¶ 9, 12.) The parties also executed a Statement of Work ("SOW"),[3] which sets forth the services necessary to implement the SAP software and the costs associated with those services. (Compl. ¶ 13.)

As set forth in the SOW's "Project Schedule," assuming adequate cooperation and support from SDC, Intelligroup was to have the SAP software implemented at SDC and a "soft go-live" was to occur by December 20, 2010. (Compl. ¶ 18; SOW at 8, 9, 17, 21.) The Project Schedule also provided that the new SAP software would run parallel with SDC's old software ("Legacy Software") by December 21, 2010. (Compl. ¶ 19; SOW at 17.) Ultimately, under the SOW, the SAP software would "go-live" (i.e., would be available for use at SDC) by January 10, 2011. (Compl. ¶ 20; SOW at 17.) The "soft go-live," the Legacy Software parallel run, and the "go-live" did not occur on time, which SDC

---

[1] Pursuant to the standard of review in deciding a Rule 12(b)(6) motion, Intelligroup accepts as true SDC's well-pleaded factual allegations for purposes of this motion only.

[2] A copy of the Agreement is attached to the complaint as Exhibit A.

[3] A copy of the SOW is attached to the complaint as Exhibit B.

purports to attribute to Intelligroup's alleged failings. (Compl. ¶¶ 27-29.) Nevertheless, Intelligroup continued to work with SDC to implement the SAP software. (Compl. ¶ 30.)

By June 2011, however, because the SAP software was not yet running live and parallel with the Legacy Software (Compl. ¶ 37), SDC and Intelligroup entered into a Second Statement of Work ("Second SOW"),[4] by which Intelligroup agreed to continue to provide consultants on a "time and materials" basis to help SDC implement the SAP software. (Compl. ¶ 39; Second SOW at 1.) As stated in the Second SOW, the planned completion date for implementation of the SAP software was August 19, 2011. (Compl. ¶ 40; Second SOW at 1.) But prior to that date, on August 5, 2011, SDC purportedly terminated its contractual relationship with Intelligroup. (Compl. ¶ 45.)

In sum, as alleged by SDC, valid, express contracts exist between the parties, and Intelligroup breached those contracts. SDC, however, has not alleged: (1) that it paid Intelligroup any amount other than a portion of what SDC was required to pay under the contracts; or (2) that Intelligroup owed SDC any legal duty independent of those undertaken by virtue of the parties' contracts.

On this basis, SDC filed this action asserting five causes of action: two breach of contract claims (Counts I and II), unjust enrichment (Count III),

---

[4] A copy of the Second SOW is attached to the complaint as Exhibit C.

negligence (Count IV) and a declaratory judgment claim seeking to avoid paying Intelligroup the remaining amounts due and owing (Count V). Intelligroup moves to dismiss the unjust enrichment and negligence claims.[5]

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Naked assertions devoid of further factual enhancement" do not suffice. *Twombly*, 550 U.S. at 545. Under the rule articulated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do.

*Id.* (citations omitted); *see also Twombly*, 550 U.S. at 557, 565-66 (plaintiff's conclusory allegations that defendants entered into "conspiracy" or "agreement"

---

[5] SDC admits in its Count V that it has not paid Intelligroup all sums it is due. Intelligroup denies that it breached any duties under the contracts or that the delays in implementation were Intelligroup's fault. To the contrary, the delays were caused by SDC's failure to meet its obligations under the contracts and Intelligroup

were not entitled to presumption of truth for purposes of motion to dismiss).

On a motion to dismiss, courts must review the "well-pleaded" allegations in the complaint and then determine if the claim, as alleged, is "plausible" based on the well-pleaded facts. *Twombly*, 550 U.S. at 556. In determining a claim's plausibility, the court may not accept conclusory assertions in the complaint as true. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); *Spencer Bank v. Seidman*, 528 F. Supp. 2d 494, 498 (D.N.J. 2008) (court "will not accept unsupported conclusions, unwarranted references, or sweeping legal conclusions cast in the form of factual allegations").

## ARGUMENT

### I. SDC May Not Maintain a Claim for Unjust Enrichment Because Express Contracts Exist That Govern the Rights of the Parties.

To state a claim for unjust enrichment under New Jersey law, "a plaintiff must allege (1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable." *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009) (quotation omitted). However, quasi-contractual liability for unjust enrichment "will not be imposed…if an express contract exists concerning the subject matter." *Suburban Transfer Serv. v. Beech Holdings, Inc.*, 716 F.2d 220, 226-27 (3d Cir. 1983). Accordingly, a plaintiff's claim for unjust enrichment fails as a matter of law

---

intends to counterclaim for the sums due and owing to it.

where there "is a valid unrescinded contract which sets out the relative rights and responsibilities of the parties." *Id.* at 227. Furthermore, a plaintiff fails to state a claim for unjust enrichment if it fails to allege that the defendant was enriched "beyond its contractual rights." *Hassler*, 644 F. Supp. 2d at 519 (citing *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 554 (N.J. 1994)); *see also Suburban Transfer*, 716 F.2d at 227 ("essential element" of unjust enrichment is that defendant was "enriched beyond its contractual right").

Here, unrescinded, express contracts – the Agreement, the SOW, and the Second SOW – govern the rights of SDC and Intelligroup, and the validity of these contracts is not disputed. Moreover, SDC does not allege that it paid Intelligroup any amount other than a portion of that to which Intelligroup was entitled under the contracts between the parties. Thus, SDC has failed to state a claim for unjust enrichment as a matter of law; this Court should dismiss Count III of SDC's complaint.

## II. SDC's Negligence Claim Fails Under the Economic Loss Doctrine Because Intelligroup Owed SDC No Legal Duty Independent of Those Undertaken in the Parties' Contracts.

New Jersey law is well-settled that "a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Perkins v. Wash. Mut., FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (citing *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 316 (N.J. 2002)).

Unless a defendant owes a plaintiff a legal duty "separate and apart from the contract between the parties," it cannot maintain a claim for negligence. *Skypala v. Mortgage Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 460-61 (D.N.J. 2009). Indeed, the "mere failure to fulfill obligations encompassed by the parties' contract . . . is not actionable in tort." *Perkins*, 655 F. Supp. 2d at 471.

As explained by the New Jersey Supreme Court in *Saltiel v. GSI Consultants*, "[w]hen a company agrees to render a service or sell a product, a contract normally will define the scope of the parties' specific obligations." 788 A.2d at 316. In that case, pursuant to a written contract, GSI Consultants agreed to provide certain services to the plaintiff, and "GSI possessed specific technical skills that it was obligated to apply under the contract." *Id.* at 316-17. The court, however, held that GSI owed no duty to the plaintiff "independent of the duties that arose under the contract," *id.* at 316, and that any failure of GSI to perform the work specified in the contract adequately "was not a violation of an obligation imposed by law, but rather a breach of its contractual duties." *Id.* at 317. Indeed, the court noted, the plaintiff's alleged damages – the costs of preparing new specifications and having the work re-done by a new contractor – "do not arise from any duty imposed by law but rather result from GSI's alleged breach of

contract." *Id.* at 318.[6]

Likewise, in this case, nowhere in its complaint does SDC allege that Intelligroup owed SDC any legal duty separate and apart from that undertaken in the contracts between the parties, and any alleged failure of Intelligroup to perform the work specified in the contract adequately "was not a violation of an obligation imposed by law, but rather a breach of its contractual duties." *Id.* at 317. And, similar to *Saltiel*, the damages sought here arise from SDC's claim that it had to hire another contractor to re-design and implement the SAP software, not from personal injury or property damage. *See id.* at 318.

In fact, SDC's negligence claims merely parrot its breach of contract claims. For instance, in Count I for breach of contract, SDC alleges, "Intelligroup breached the Agreement when it failed to implement the SAP Software at SDC on or before January 10, 2011." (Compl. ¶ 51.) Subsequently, in Count IV for negligence, SDC alleges that "Intelligroup had a duty to implement the SAP Software at SDC on or before January 10, 2011." (Compl. ¶ 62.) Any such duty, however, "arises solely from the contract, and therefore, falls within New Jersey's economic loss doctrine." *Dutton Rd. Assocs. LP v. Sunray Solar, Inc.*, 2011 WL 1375681, *3

---

[6] Indeed, this Court, in refusing to recognize a new tort of "computer malpractice," has stated, "[s]imply because an activity is technically complex and important to the business community does not mean that greater potential liability must attach." *Chatlos Sys., Inc. v. Nat'l Cash Register Corp.*, 479 F. Supp. 738, 741 n.1 (D.N.J. 1979).

(D.N.J. Apr. 12, 2011) (citing *Saltiel*) (in granting motion to dismiss, court noted that plaintiff made same allegations in both negligence and breach of contract claims). Because Intelligroup did not owe SDC any independent, non-contractual duty, SDC has failed to state a claim for negligence as a matter of law. Accordingly, this Court should dismiss Count IV of SDC's complaint.

## CONCLUSION

For all the foregoing reasons, defendant, Intelligroup, Inc., respectfully requests that the Court enter an order granting Intelligroup's partial motion to dismiss and dismissing Counts III (unjust enrichment) and IV (negligence) with prejudice.

Dated: January 17, 2012

Respectfully submitted,

s/ Glenn A. Weiner
Glenn A. Weiner
Brian R. Fitzgerald
KLEHR HARRISON
HARVEY BRANZBURG LLP
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220
Phone: (856) 486-7900
Fax: (856) 486-4875
gweiner@klehr.com
bfitzgerald@klehr.com

*Attorneys for Defendant,
Intelligroup, Inc.*