RECEIVED
JUN 11 2012
AT 8:30 M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SDC INFORMATION SERVICES, INC.,

Plaintiff,

v.

INTELLIGROUP, INC.,

Defendant.

Civil Action No. 11-05874 (JAP)

**OPINION**

PISANO, District Judge.

Plaintiff SDC Information Services ("SDC") brought this case on October 7, 2011 against Defendant Intelligroup, Inc., in connection with a failed contractual relationship between the parties. The Complaint alleges breach of contract, unjust enrichment and negligence, and it seeks a declaratory judgment that SDC owes no further payments on its contract with Intelligroup. Currently before the Court is Intelligroup's Motion to Dismiss the unjust enrichment and negligence claims (Counts III and IV of the Complaint) for failure to state a claim. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Motion shall be granted.

## I. Background

In March 2010, SDC and Intelligroup entered into a "Master Services Agreement" pursuant to which Intelligroup was to provide consultants to implement a new software program that SDC had purchased from SAP Group America, Inc. ("SAP"). A "Statement of Work" ("SOW") outlined Intelligroup's obligation to implement the software by January 10, 2011, as

well as the fees to be paid by SDC for these services. Allegedly due to Intelligroup's material breach and negligence, the software was not implemented within the timeframe provided for in the contract. The parties entered into a second SOW in June 2011, which set forth a new implementation deadline of August 19, 2011. SDC filed this Complaint on October 7, 2011, at which time, the Plaintiff claims, the software implementation was still incomplete.

## II. The Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). All reasonable inferences must be made in the Plaintiff's favor. *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996); *Oshiver v. Levin, Fishbien, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994).

In 2007, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The *Twombly* Court stated that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007). More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this Motion to Dismiss, Intelligroup argues that SDC may not maintain claims for unjust enrichment or negligence, because these are precluded by the parties' express contractual relationship. Unjust enrichment is a form of quasi-contractual liability that exists when the defendant has received a benefit from the plaintiff that it would be inequitable for him to retain. *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009). However, such liability is precluded where the subject matter of the claim is governed by an express contract, in which case the plaintiff is limited to contractual remedies. *Suburban Transfer Serv. v. Beech Holdings, Inc.*, 716 F.2d 220, 226-27 (3d Cir. 1983). Similarly, a tort remedy does not arise from a contractual relationship absent an independent duty imposed by law. *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002); *Martino v. Everhome Mortg.*, 639 F. Supp.2d 484, 495 (D.N.J. 2009); *Skypala v. Mortgage Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 460-61 (D.N.J. 2009). The Plaintiff does not contest these points of law, but argues that Federal Rule of Procedure 8(d) permits it to plead unjust enrichment and negligence in the alternative.

The Plaintiff is correct that such claims may be made in the alternative, even where they are inconsistent with breach of contract claims. *MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729 (D.N.J. 2008). However, a Complaint must still plead the specific elements of each claim, and must contain more than "[t]hreadbare recitals of the elements." *Iqbal*, 556 U.S. at 678. The Plaintiff has failed to make factual allegations that would state a claim for unjust enrichment or negligence; in fact, the Complaint does not even recite the elements of these two claims. Rather, the Complaint refers only to the parties' contractual relationship and to the Defendant's duties arising therefrom. The Complaint contains no allegation that the Defendant was unjustly enriched "beyond its contractual rights," *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009). *See also McCalley v. Samsung Elecs. Am., Inc.*, 2008 U.S. Dist.

LEXIS 28706, *29-30 (D.N.J. March 31, 2008). It also contains no allegation that the Defendant owed Plaintiff a separate legal duty that could give rise to a negligence claim.

Furthermore, there is no dispute as to the validity of the contract between the parties. If there were any question as to contract's enforceability, the Plaintiff may have had reason to plead a quasi-contract theory such as unjust enrichment as an alternative. *See MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 733-734 (D.N.J. 2008) ("A quasi-contract claim cannot exist when there is an *enforceable* agreement between parties.") (quoting *Callano v. Oakwood Park Homes Corp.*, 219 A.2d 332, 334 (N.J. App. Div. 1965)). Here, however, the entire Complaint rests upon the existence of express contractual duties, and the facts supporting the Plaintiff's unjust enrichment claim are the same facts supporting the breach of contract claims. There is no question that the scope of the contract covers the dispute between the parties. The Plaintiff has not alleged that a separate implied contract exists, or that the Defendant was enriched beyond its contractual rights. *See Hassler*, 644 F. Supp. at 519. Therefore, Count III of the Complaint must be dismissed for failure to state a claim for unjust enrichment.

The Plaintiff has also failed to allege the elements of a negligence claim. "[A] tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Perkins v. Wash. Mut. FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (citing *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 316 (N.J. 2002)). The only duty alleged in the Complaint arises out of the contract between the parties, whereas claims sounding in tort arise from duties imposed by operation of law. The Plaintiffs have therefore failed to state a claim for negligence, and Count IV must also be dismissed.

## III. Conclusion

For the foregoing reasons, the Plaintiff has failed to state a claim against the Defendant for unjust enrichment or for negligence. Therefore, Counts III and IV of the Complaint must be dismissed. An appropriate Order follows.

JOEL A. PISANO
United States District Judge

Dated: 6/11/12